UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NATHAN W. RICKARDS,

        Plaintiff,

   v.                                    Case No. 25-cv-1499-pp

SAWYER COUNTY SHERIFF'S DEPARTMENT, *et al.*,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Nathan W. Rickards, who is incarcerated at Jackson Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 26, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $6.67. Dkt. No. 9. The court received that fee on January

1

12, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      The Plaintiff's Allegations

The plaintiff was confined at the Sawyer County Jail during the events described in the complaint. Dkt. No. 1. He sues the Sawyer County Sheriff's Department, Sheriff Mrotek, Nurse Tate, Nurse Dani, Sgt. Wacapa, Sgt. Spurlock, Lt. Woller, Sgt. Bauch, Sgt. Kannegeiser, Deputy Miller, Deputy Grant and Deputy Kezmakowski. Id. at 3.

The plaintiff alleges that he was diagnosed with HIV in May and incarcerated in July. Id. at 4. He says that the jail would not give him the medications he needs unless he paid out-of-pocket, which he cannot do because they cost over $4,000 a month. Id. The plaintiff allegedly spoke with the nurses, sergeants and Lieutenant Woller about it. Id.

The plaintiff says that the longer he goes without his medications, the worse his HIV becomes and the greater chance he has of becoming sick and dying. Id. The plaintiff's doctor allegedly recommends that he be checked for Hepatitis A and B titers, and that he receive the Tdap vaccine (tetanus, diphtheria and pertussis) as well as meningococcal and pneumococcal vaccines; he says the jail has not done any of this. Id. at 4, 6. The plaintiff's

doctor allegedly said that starting medications as soon as possible would strengthen his immune system, prevent him from getting other diseases, decrease spread to another person and save his life. Id. at 5-6.

The plaintiff also alleges that despite asking for copies of all his paperwork, his requests have been denied. Id. at 5. He believes that the jail is aware that he is filing this lawsuit and that they are trying to "stonewall" him. Id. He says they have threatened him with discipline if he keeps asking. Id.

For relief, the plaintiff seeks monetary damages "for the shortening of [his] life." Id. at 6.

C.     Analysis

The court assumes that the plaintiff was a pretrial detainee during the events described in the complaint because he was confined at the jail. A §1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

4

The plaintiff sues the Sawyer County Sheriff's Department. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit."). The court will dismiss the Sawyer County Sheriff's Department because it is not a suable entity.

The plaintiff no longer is confined at the jail. On October 29, 2025, he notified the court that he had been transferred to Dodge Correctional Institution, dkt. no. 7, and he currently is at Jackson Correctional Institution, dkt. no. 12. The plaintiff alleges that while confined at the jail he spoke with nurses, sergeants and Lieutenant Woller about getting HIV medications and that he was told he would have to pay out-of-pocket for these medications. This effectively denied the plaintiff the ability to take the medication because he cannot afford the $4,000-a-month cost of the medication.

Construed liberally, the plaintiff alleges that the defendants disregarded a doctor's order that the plaintiff must take certain medications to treat his serious medical condition. This allegation states a claim for violation of his constitutional rights. The plaintiff states that he spoke with the nurses, sergeants and Lieutenant Woller about his medication. The court will allow the plaintiff to proceed on a Fourteenth Amendment claim against Nurse Tate,

5

Nurse Dani, Lieutenant Woller, Sergeant Wacapa, Sergeant Spurlock, Sergeant Bauch and Sergeant Kannegeiser in their individual capacities. Also, it is possible that the decision not to allow the plaintiff to have the medication may be the result of jail policy. The court will allow the plaintiff to proceed on a Monell claim against Lieutenant Woller in his official capacity. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978) (allowing claim where officials acted pursuant to an official policy, a practice or custom, or made by someone with final policy-making authority).

The complaint does not contain any allegations against Sheriff Mrotek, Deputy Miller, Deputy Grant or Deputy Kezmakowski. The court will dismiss these defendants.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Sawyer County Sheriff's Department, Sheriff Mrotek, Deputy Miller, Deputy Grant and Deputy Kezmakowski.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Nurse Tate, Nurse Dani, Lieutenant Woller, Sergeant Wacapa, Sergeant Spurlock, Sergeant Bauch and Sergeant Kannegeiser under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff

6

information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Tate, Nurse Dani, Woller, Wacapa, Spurlock, Bauch and Kannegeiser to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$343.33** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Jackson Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 6th day of April, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8